82,517-01

In The Court Of Criminal Appeals
of Texas

Ex Parte

§
§
§

No. WR-82,517-01

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 17 2015

Abel Acosta, Clerk

DeMarko Dean Cooper,
        Applicant

## Applicant's Response in Opposition to Trial Courts Findings of Fact and Conclusions of Law

Comes now, DeMarko Dean Cooper, Applicant, and herein files his response in opposition to Trial Courts Findings of Fact and Conclusions of Law, priorly Ordered and submitted unto this Court on or about April 1, 2015. Applicant respectfully further pleads:

### I. Statement of the Case

Applicant DeMarko Dean Cooper was convicted by a jury of aggravated robbery and assessed a sentence of 50 years confinement. His conviction was affirmed on direct appeal. Demarko Deon Cooper v. State, No. 05-12-00671-CR (Tex. App.- Dallas, August 26, 2013, no pet.) Applicant filed a first application for a writ of habeas corpus in this court, asserting his unlawful incarceration as in violation of his United States and State constitutional rights, on multiple grounds set forth within his 11.07 application. This Court Ordered the trial Court and counsel to respond to the applicants claims of ineffective assistance of counsel on January 14, 2015. Accordingly, trial court responded and submitted its findings of fact and conclusions of law, therein as Ordered with this Court on April 1, 2015. Applicant herein responds.

### II. Argument and Authority

Trial Court presents a finding of no need for applicant's trial counsel to object (a finding that no such objection was made) to the State's clearly coercive, overly suggestive, and unlawfull pretrial lineups, existed. Such a finding is entirely in err, in that, the record itself shows that Saleem Lakhani openly admitted to initial investigating officers, immediately following the robbery, when Lakhani's recollection would have been imminently fresh, that he **did not**

1

get a good look at the assailaint, therein itself precluding 'any' future visual identification of any individual purportedly to have committed the crime. By the victems own admittion, he could not visually identify the actual assailant. This in itself precluded Mr. Lakhani's identification of the applicant at all, and any point, including during the subsequent line up [or] after the prosecutor produced the photo of the applicant during trial. Therefore, in that trial counsel failed to reconize and object to such facts at trial, he was then deficient and ineffective. Strickland v. Washington, 466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999).

Applicant was heavily prejudiced, upon such grounds, by the ineffectiveness of trial counsel, and his failure to object to such highly relevant facts, victems own admittion of inability to visually identify the assailant immediately following the offense, the victem later identifying individuals other than the applicant, both during lineups and in open court, and the trial court allowing the victems identification testimony of the applicant, in which was not only preclusive in nature, but clearly coercerced by police and the prosecution at trial, to be presented to the jury for consideration and weighance. Where, but for the failure to object to the foregoing; as the trial court has now found the detectives testimony to have been inadmissable hearsay statements, no witnesses of having identified or witnessed the applicant to have been the shooter and/or involved in the crime would exist, precluding introduction or weighance of such false and inadmissable witness testimonies otherwise offered unto the jury, thus; the jury would not have been introduced to such testimonies, in which it reasonable used in great weight to convict the applicant of the crime. Wherefore, the applicant suffered actual and substantial injury by a wrongfull conviction and subsequent incarceration, due directly to the inneffective assistance of counsel, and his failure to object to such deficiencies during trial. ID.

Adopting the identicle facts and argument, notwithstanding Mr. Lakhani's admission and clear inabilities to identify the assailant, it is shown on record that Mr. Lakhani was introduced unto a lineup (or several), where not only did he plainly declare individuals other than the applicant to be the assailant of fact to the crime, then, again pointed out "a juror" during trial as the culprit, it was a clear case of both inability to identify, and misidentification, showing beyond a reasonable dought that the applicant could not be identified, possitively or otherwise, by any individual witness or victem of the crime,

2

including and most especially Mr. Lakhani, yet applicant's trial counsel, while knowing all of this, did not object to any of the foregoing during trial, which itself had the effect of allowing the same introduction of Mr. Lakhani's witness testimony to the jury, identifying the applicant (falsely by misidentification), in which the jury reasonably used as evidence in conviction. Where, but for the further failures of trial counsel to object to such substantial deficiencies at trial, it is reasonable that the applicant would not have been found guilty and sentenced to a term of imprisonment. Thus, the ineffectiveness of trial counsel, again directly caused the applicant injury under the Constitution. ID.

Trial counsel knew of the prior line ups, where the detectives, as admitted on record, plainly coerced Saleem Lakhani's ultimate identification of the applicant, by having informed Lakhani that he identified the wrong man in prior lineups, then continued with subsequent lineups, until Lakhani had ultimately decided on the applicant. The detectives knew Lakhani had informed them priorly that he did not get a good look at the actual shooter. They then knew Lakhani could not identify any assailant, yet needing such identification anyway, and a final conviction at any cost, the detectives abused their authority by proceeding with the lineups in the manner they did, informing Lakhani of his misidentifications, until he'd finally chosen the applicant. Both a reasonable Court and Jury would find such law enforcement conduct abusive and extremely coercive of Mr. Lakhani's ultimate identification of the applicant. A reasonable court would then strike such witness testimony from the record and/or would not allow it to have been presented to the jury. And/or the jury would have found reasonable doubt as to the truth of Mr. Lakhani's testimony, wherein he ultimately once identified the applicant as the assailant. Especially where thereafter, Lakhani could not again identify the applicant in the open court at trial. Whereas, once again, by and through trial counsel's failure to object to any or all of the foregoing at trial, he is clearly shown to have been ineffective as counsel for applicant, which resulted in injuries of conviction and incarceration. In violation of applicants Constitutional rights. ID. see also Foster v. California, 394 U.S. 440, 89 S.Ct. 1127 (1968) Court held that the identification procedures violated due process where defendant could not be identified in lineup.

The trial court has now concluded the lead detective's testimony to have been hearsay and inadmissable at trial in violation of applicants Sixth Amendment right to confront the witness against him. Webb v. Texas, 409 U.S. 95,

93 S.Ct. 351 (1972); Washington v. Texas, 388 U.S. 14, 19, 87 S.Ct. 1920, 1923 (1967).

Moreover, the particular hearsay testimony in question, concerns the detective offering third party non-testifying witness statements of an alleged third suspect named Robert Simpson. (An individual that was never at any point produced at trial). Infact, it is questionable as to if such an individual ever actually existed at all to have offered the detective such informations concerning the applicant's alleged participation in the crime. Indeed, if such an individual did exist, the applicant then had the Sixth Amendment right to call and be confronted with Simpson. Washington v. Texas, 87 S.Ct. at 1923 ("The right to compel witness attendance, if necessary, is in plain terms the right to present a defense"), see also Hardin v. Estelle, 484 F.2d 944 (5th Cir. 1973) Relief granted for denial of compulsory process of witnesses.

The hearsay testimony was clearly inadmissable as evidence under T.R.E. Thus it should not have been allowed to have been presented to the jury as such for weighance in the decision of guilt or innocense of the applicant at trial. Trial counsel failed to protect the applicant by having not objected to such inadmissable hearsay testimony, or the applicants denial of confrontation with the alleged actual witness [Simpson]. It is reasonable that such objections, if they would have been made, would have changed the outcome of the verdict in applicants favor, for a finding of not guilty, due to an entire lacking of witness testimony to reasonably determine Cooper to have been involved in or committed the crime. Thus, by trial counsels further failures and ineffective assistance of counsel, applicant suffered serious injuries of unlawfull conviction and subsequent incarceration. Strickland v. Washington, 466 U.S. 668 (1984); Ex parte Patternson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999).

Finally, such failures to object, and/or deficiencies of trial counsel did infact substantially have the effect of changing the outcome of the trial, and securing an unlawfull conviction, because, the only evidence presented by the State over the course of the trial consisted of 1) witness testimony, shown above to have been inadmissable to the jury, and 2). DNA presence in the hat found at the crime scene. As set out in applicants 11.07, he was denied the right to secure and call an expert of his own, knowledgable and worthy of testifying in the field of DNA testing. If such a right would have been granted, it is reasonable that such expert would have shown the jury that infact 1). There was DNA identified in the hat (minor contributor) other than Coopers; and,

4

2). DNA testing, by nature, has <u>no way of identifying</u> which of the two individuals who's DNA was found in the hat, would have been <u>wearing the</u> <u>hat</u> on the time and date of the offense. Wherefore, such relevant testimony would have immediately then placed ample dought in all minds, including the jury's, as to if the applicant, verses the second unknown DNA contributor, was ever infact donning the hat during the time and date of the offense.

As shown, the major contributor verses minor contributor of DNA in the hat, does nothing at all to place the hat on applicants head on that date and time. It simply shows applicant to have worn the hat <u>more</u> than the other individual contributor, at any time prior to the offense date. Thus, when reviewed by reason, there was only a <u>50%</u> chance of guilt or innocense, Therefore, equalling reasonable dought.

For such reasons, the hat alone was not enough to convict on any level, save for the introduction of additional supportive evidence to overcome reasonble dought. Because it has been shown that the witness testimony was inadmissable to the jury, no additional supportive evidence ever actually existed to support a finding of guilt. It would have been altogether different [if] applicants DNA would have been found to be the <u>only</u> contributor in the hat, Though it was not. No reasonable individual or trier of fact could dispute this argument.

## III. Conclusion

Wherefore, Premises Considered, Applicant is confined in violation of the Texas and United States Constitutions, and is entitled to all relief thereof.

Executed this 13th of April 2015

Respectfully Submitted,
/s/ Demarko Cooper
Demarko Dean Cooper #1789486
Applicant
Coffield Unit
2661 FM 2054
Tennessee Colony, Tx. 75884

5